UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Maged HANNA, )  No:
A77 744 476 )
        *Plaintiff/Petitioner,* ) **04 10121 GAO**
)
-vs.- )  MAGISTRATE JUDGE Bowler
)
John ASHCROFT, U.S. Attorney General; )
Michael GARCIA, Assistant Secretary, U.S. )
Immigration and Customs Enforcement; )
Bruce CHADBOURNE, Boston Field Director, )
U.S. Immigration and Customs Enforcement; )
Joseph F. McDONOUGH, Sheriff, Plymouth County )
Correctional Facility, Plymouth, Massachusetts; )
)
        *Defendants/Respondents.* )

Saher Macarius, Esq.
Law Office of Saher J. Macarius
21 Walsh St.
Framingham MA 01701
Ph. 508-879-4443/Fax. 508-879-5444
BBO #567460

Harvey Kaplan, Esq.
Kaplan, O'Sullivan & Friedman
Suite 300
10 Winthrop Square
Boston MA 02110
Ph. 617-482-4500/Fax/ 617-451-6826
BBO# 258640

Attorneys for Petitioner

1

# VERIFIED PETITION FOR A WRIT OF HABEAS CORPUS AND COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF (WITH TEMPORARY RESTRAINING ORDER)

PETITIONER/PLAINTIFF (Petitioner), Maged Hanna, by and through his undersigned counsel, hereby petitions this Honorable Court to issue a writ of habeas corpus to review his unlawful detention by the U.S. Customs and Immigration Enforcement (ICE) and to enjoin his removal from the United States. Petitioner also files this action for declaratory and injunctive relief to protect his rights under both the Due Process Clause of the Fifth Amendment to the Constitution and applicable federal law. In support of this petition, Petitioner alleges as follows:

## CUSTODY

1. Upon information and belief, Petitioner is in the custody of the ICE at Plymouth County Correctional Facility in Plymouth, Massachusetts.

## EXHAUSTION

2. Petitioner has exhausted his administrative remedies and his only remedy is by way of this judicial action. Petitioner was arrested and detained by Respondents on July 22, 2003. Petitioner is in the custody of the Respondents based on the October 31, 2002 decision of the Board of Immigration Appeals affirming without opinion the Immigration Judge's decision denying Petitioner's applications for asylum, withholding of removal and protection under the Convention Against Torture. Petitioner timely filed a Petition for Review with

the Second Circuit Court of Appeals. Petitioner also filed a Motion for Stay of Removal that was granted by the Second Circuit Court of Appeals. It is well settled that exhaustion is not required if it would be futile. *See, e.g., American-Arab Anti-Discrimination Comm. v. Reno*, 70 F.3d 1045, 1058 (9th Cir 1995) Furthermore, exhaustion is not required if there would be irreparable harm. *See, e.g., Richardson v. Reno*, F. Supp., 1998 WL 74229, *3 (S.D. Fla. February 13, 1998). Finally, exhaustion is not necessary where an agency's interpretation of a statute is clearly at odds with the statute's plain meaning. Id. The Immigration and Nationality Act requires exhaustion of administrative remedies only where an alien seeks judicial review of an actual order of removal, not review of a custody decision. Accordingly, Petitioner has exhausted his administrative remedies.

3. No petition for a writ of habeas corpus has previously been filed in any court to review the detention and restrain complained of herein.

## JURISDICTION

4. This action arises under the Constitution, the Immigration and Nationality Act of 1952, as amended (the INA), 8 USC §1101 *et. seq.*, and the Administrative Procedure Act (the APA), 5 USC et. seq. This Court has habeas corpus jurisdiction pursuant to 28 USC §2241 *et. seq.; St. Cyr v. INS 121 S. Ct. 848, 69 USLW 3365 (U.S. 2001); Mattis v. Reno 212 F.3d 31 (1st Cir., 2000); Henderson v. Reno, 157 F.3d*

*106 (2d Cir. 1998) cert. den. sub. nom. Reno v. Navas,* March 8, 1999; Art. I, §9, Cl. 2 of the United States Constitution (the Suspension Clause); and the common law. This Court may also exercise jurisdiction pursuant to 28 USC § 1331 and may grant relief pursuant to the Declaratory Judgment Act, 28 USC §2201 et. seq., and the All Writs Act, 28 USC §1651. Finally, this Court has mandamus jurisdiction pursuant to 28 USC §1361.

## VENUE

5. Venue lies in the Boston District of Massachusetts, the judicial district where the Petitioner is detained. 28 USC §2241 et. seq. and 28 USC § 1391.

## PARTIES

6. Petitioner is a citizen and national of Egypt. He is detained at the Plymouth County Correctional Facility in Plymouth, Massachusetts.

7. Respondent John Ashcroft is being sued in his official capacity as the United States Attorney General exercising authority over the Department of Justice, within which is located the Department of Homeland Security of which the Bureau of Immigration and Customs Enforcement is a part.

8. Respondent Michael Garcia is being sued in his official capacity as the Assistant Secretary for the U.S. Immigration and Customs Enforcement, which has the authority to investigate, arrest, detain, and

4

remove non-citizens in the United States.

9. Respondent Bruce Chadbourne is being sued in his official capacity as Field Director of the Boston Office of the U.S. Immigration and Custom Enforcement. As such, he is the Department of Homeland Security designate for the Boston District, empowered to carry out the deportation order against the Petitioner. The Boston District encompasses Massachusetts, within which is found the Plymouth County Correctional Facility. Mr. Chadbourne has ordered the unlawful detention of the Petitioner at the Plymouth County Correctional Facility in Plymouth, Massachusetts, which, upon information and belief, is under contract with the U.S. ICE.

10. Respondent, Sheriff Joseph F. McDonough is being sued in his official capacity as Sheriff of the Plymouth County Correctional Facility where Petitioner is presently detained. As such, he is the person with direct physical control over Petitioner's detention.

## FACTS

11. Petitioner is a native and citizen of Egypt. As a member of the Coptic Christian minority in Egypt, Petitioner had been subjected to persecution and mistreatment by in Muslim fundamentalists who sought to rid Egypt of all non-Muslims. Petitioner arrived in the United States in November 1998 as a visitor. Petitioner filed an application for asylum with the government in November 1999.

Removal proceedings were instituted against him in December 1999. Before the Immigration Court Petitioner sought relief in the form of asylum, withholding of removal, protection under the Convention Against Torture, and voluntary departure.

12. On October 18, 2000, the Immigration Court denied all relief and ordered Petitioner removed from the United States. Petitioner timely filed an appeal of this decision with the Board of Immigration Appeals (BIA). On October 31, 2002, the BIA affirmed, without opinion, the decision of the Immigration Court. Petitioner thereafter timely filed a Petition for Review with the United States Court of Appeals for the Second Circuit (docket number 03-4607).

13. On September 25, 2003, Petitioner's wife was granted asylum by the Bureau of Citizenship and Immigrant Services (BCIS) (formerly the Immigration and Naturalization Service). Based on the fact that Petitioner was married prior to the issuance of the decision granting his wife's asylum application, Petitioner is eligible for derivative asylee status in the United States. An application for that relief has been filed with the BCIS. Petitioner has also filed a Motion to Reopen with the BIA seeking to reopen his removal case so that he may proceed on his application for derivative asylee status. In that he is now prima facie eligible for relief from removal, Petitioner and the Assistant U.S. Attorney handling the government's case before the Second Circuit, agreed to withdraw the Petition for Review pending a

decision from the BIA on Petitioner's Motion to Reopen. The motion is presently pending before the BIA. Should BCIS favorably adjudicate Petitioner's application for derivative asylee status or were the BIA to grant the Motion to Reopen, the Petition for Review would be rendered moot.

14. Respondents were promptly informed of Petitioner's eligibility for relief based on his wife having been granted asylum in the United States. To date, they have not reacted in any meaningful way to this significant development. Petitioner's arrest and detention have caused great emotional and psychological distress to Petitioner and his wife and United States citizen son.

### RIGHT TO JUDICIAL INTERVENTION

15. The basis for this Court's habeas jurisdiction to review the Petitioner's claim is contained in 28 USC §2241, the general grant of habeas jurisdiction bestowed on the federal district courts, which neither the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA), *Henderson v. INS*, 157 F.3d 106 (2d Cir. 1998) *cert. den. sub nom. Reno v. Navas*, March 8, 1999, nor the IIRAIRA eliminated or amended.

16. The Petitioner is also entitled to have his detention reviewed under the common law and as a matter of constitutional right The Writ of Habeas Corpus is guaranteed by the Constitution and cannot be suspended except where "in Cases of Rebellion or Invasion the Public

Safety may require it." U.S. constitution, Art. I, §9, Cl. 2(Suspension Clause).

17. In the present action, the petitioner asserts that his detention by the Respondent is in violation of the Constitution, the INA, and the APA.

### PETITIONER HAS AN APPEAL PENDING BEFORE THE SECOND CIRCUIT COURT OF APPEALS

18. Respondent has filed a Petition for Review with the Second Circuit Court of Appeals.

### PETITIONER IS NOT A DANGER TO THE COMMUNITY AND IS NOT A FLIGHT RISK

19. This Petitioner's continued detention violates Section 241(c) of the Immigration and Nationality Act) "Detention, Release, and Removal of Aliens Ordered Removed". Petitioner has no criminal record. Petitioner has strong ties to the community, has a wife and a young son who was born in the United States, and is neither a danger to the community nor a flight risk.

### THE DISTRICT COURT HAS AUTHORITY TO ORDER PETITIONER'S RELEASE.

20. This District Court can properly exercise its authority and release Petitioner pending action on his removal case. Also a district court has the inherent power to release a petitioner as ancillary relief pending habeas corpus proceedings, where the court has found both a

substantial claim for relief and extraordinary circumstances warranting release. See e.g. Mapp v. Reno, CV-99-4240 (CFS) slip op. at 3-4 (E.D.N.Y. Oct. 5, 1999)(citing cases).

Petitioner's arguments in this vein are as follows: (1) that a district court's inherent authority to release a habeas petitioner on bail does apply in the immigration context; and (2) that the district court can exercise deferential review, even though there was no final detention decision to which to defer.

With regard to the first point, this Court should not distinguish the cases as they relate to habeas proceedings brought by prisoners in the criminal context and those in the immigration context. Federal courts have recognized that federal courts possess inherent power under the common law to release petitioners on bail pending the resolution of a habeas petition. See Ostrer v. United States, 584 F.2d 594, 596 n.1 (2nd Cir. 1978), citing Johnston v. Marsh, 227 F.2d 528, 531 (3rd Cir. 1955) (explaining that federal courts do have inherent authority to release prisoners pending the resolution of a habeas petition, while noting former controversy over this issue). In United States ex re. Paetau v. Watkins, 164 F.2d 457, 460 (2d Cir. 1947), another habeas proceeding in the immigration context, this Court

necessarily rejected the distinction between habeas authority in the criminal context, and habeas authority in the civil immigration context. Citing to court rules of habeas corpus used in the criminal context, this Court found that the district court did have the authority to release an immigrant pending the appeal of a denial of a habeas corpus petition challenging an order of deportation to Germany.

The power of district courts to set bail pending resolution of habeas corpus proceedings has been reaffirmed by federal courts in the immigration context. See e.g. United States ex rel. Potash v. District Director 169 F.2d 747, 752 (2d Cir. 1948) (upholding the district court's exercise of authority to release the immigrant pending the appeal of a denial of habeas corpus relief). See also Yanish v. Barber, 97 L.Ed. 1637, 73 Sup. Ct. 1105 (1953)(ordering release of immigrant on bail pending appeal of an order dismissing a petition for habeas corpus); United States ex rel. Beiftage v. Shaughnessy, 212 F.2d 128 (2d Cir. 1954)(noting that the district court released immigrant on bail pending appeal); Rubinstein v. Brownell, 206 F.2d 449 (D.C. Cir. 1953)(finding under principles of habeas corpus that an immigrant was entitled to a preliminary injunction restraining the Government from revoking bail pending a proceeding to reopen an

order of deportation), aff'd 346 U.S. 929 (1954); Tam v. INS, 14 F.Supp.2d 1184 (E.D.Cal. 1998).

### IMMIGRATION DETENTION MUST COMPORT WITH DUE PROCESS.

21. Immigration detention involves the deprivation of a fundamental liberty interest and must be closely scrutinized to ensure that it is narrowly tailored to serve a compelling state interest. See Reno v. Flores, 507 U.S. at 301-2 (1993) (setting forth the standard for evaluating deprivations of fundamental liberty interests and citing, inter alia, U.S. v. Salerno, 481 U.S. 739, 746 (1987)). Deferential review is appropriate only where an alien is challenging a discretionary denial of release by the Attorney General.

### IMMIGRATION DETENTION IMPLICATES AN ALIEN'S FUNDAMENTAL LIBERTY INTEREST IN BEING FREE FROM PHYSICAL INCARCERATION.

22. Freedom from physical restraint has always been at the core of the liberty protected by the Due Process Clause. Foucha v. Louisiana, 504 U.S. 71, 80 (1992); see also U.S. v. Salerno, 481 U.S. 739, 755 (1987). This fundamental right applies to non-citizens as well whether they are in the country legally or illegally-- and is implicated by immigration detention pending deportation or removal proceedings. See Doherty v. Thornburgh, 943 F.2d 204, 209 (2d Cir. 1991) (even undocumented aliens have substantive due process right to be free of arbitrary confinement pending deportation proceedings), cert. dismissed nom. Doherty v. Barr, 503 U.S. 901 (1992). See Addington

v. Texas, 441 U.S. 418, 425 (1979)(Commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection.)(emphasis added)); Foucha v. Louisiana, 504 U.S. at 80(1992)(same); Harisiades v. Shaughnessy, 342 U.S. 580, 586 & n.9 (1952) (immigrants stand on equal footing with citizens under the Constitution in several respects, including the protection of personal liberty). Cf. Salerno, 481 U.S. at 748-749 (recognizing that in determining whether it comports with due process, a statute providing for pretrial detention must be evaluated in precisely the same manner as, inter alia, the detention of potentially dangerous resident aliens pending deportation proceedings.)

### DEFERENCE IS NOT WARRANTED MERELY BECAUSE ALIENS HAVE NO ABSOLUTE RIGHT TO RELEASE FROM IMMIGRATION DETENTION.

23. In its opposition to requests to the federal district courts for release from custody, the Government often maintains that release from civil immigration custody pending removal has always been a privilege and a matter of grace, not a right or a constitutional entitlement. Petitioner states that the lack of an absolute right to release from immigration detention does not make the liberty interest that it implicates any less fundamental. A fundamental liberty interest in freedom from bodily restraint never provides an absolute entitlement to be free. Even citizens can be detained for non-punitive purposes pursuant to Congress' legitimate and reasonable regulatory goals, and under those circumstances have no absolute right to release. See Salerno, 481 U.S. at 746 (the mere fact that a person is detained does not inexorably lead to the conclusion that the government has imposed punishment)

12

(citation omitted). Similarly, Congress may authorize detention to ensure the appearance of aliens at removal proceedings and to protect the community during the removal process. However, since a fundamental liberty interest is at stake, such detention must comport with due process. Traditional due process scrutiny requires that deprivations of fundamental liberty interests must be narrowly tailored to serve a compelling state interest. See Reno v. Flores, *507* U.S. at 301-2 (1993) (citing, inter alia Salerno, 481 U.S. at 746 (1987)).

The Fifth Amendment of the Constitution provides that "[n]o person shall be ... deprived of life, liberty, or property, without due process of law." The argument of the Respondents that resident aliens do not have the same rights as citizens of the United States may have some value only where certain categories of rights are concerned, but certainly not where substantive, or basic human rights (**"We hold all men to be created equal..."**) are concerned. The Supreme Court recognized long ago that deportable non-citizens, even those who are unlawfully present in the United States, are protected by the Constitution. *See:* **Sin Vip Honarey Tiv. et al. v. Janet Reno**, A.G., et al., No. 99 C 0872 (Pallmeyer, J.), U.S. District Court for the Northern District of Illinois, Eastern Division, Amended Petition for Writ of Habeas Corpus (received 02/18/99).

Recently, the Associated Press reported on May 1, 1999, that the Honorable U.S. District Court Mary Lisi (Providence, RI), after ordering the release of an alien who, as the Petitioner herein, had been

held in detention by the I.N.S. According to the A.P., in The Providence Journal, Hon. Judge Lisi stated: "I find it incomprehensible that you can take a human being and keep them locked up for eternity", Lisi told a lawyer for the INS. "I cannot ascribe to that reading of the Constitution."

In <u>Hermanowski v. Farquharson</u>, et al., C.A. No. 97-220L, In the U.S. District Court for the District of Rhode Island (decided March 1, 1999) - where a petitioner had multiple convictions (a "prolific ... criminal history"), the Court made a thorough examination of the considerations of due process, the interests of society, etc. which should be weighed against a person's constitutional rights, and it also noted that "Several federal district courts have also recently decided that indefinite detention may violate a deportable alien's due process rights." (at p. 12, , *citations omitted)*. In <u>Hermanowski</u>, the Court concluded: "an alien's substantive due process rights can never be violated by detention pending deportation, ...". The Court determined that: "Hermanowski's continued detention violates his substantive due process right to be free from arbitrary restraint on his liberty, ..."

**IRREPARABLE HARM**

24. Petitioner's continuing detention in light of his prima facie eligibility for relief from removal is causing irreparable harm to him and his family.

## PRAYER FOR RELIEF

**WHEREFORE**, the Petitioner prays this Honorable Court to grant the following relief:

(a) Issue a writ of habeas corpus, directed to the Respondent, ordering the release immediately of Petitioner on his own recognizance, or on a reasonable bond; or

(b) Grant any other and further relief that this Honorable Court may deem fit and proper.


Respectfully submitted,
Maged Hanna, by his attorneys,

_____
Saher Macarius, Esq.
Law Office of Saher J. Macarius
21 Walsh St.
Framingham, MA 01701
Tel. 508-879-4443
Fax. 508-879-5444
BBO# 567460

_____
Harvey Kaplan, Esq.
Kaplan, O'Sullivan & Friedman
Suite 300
10 Winthrop Square
Boston MA 02110
Ph. 617-482-4500/Fax/ 617-451-6826
BBO# 258640


Date: January 20, 2004

# CERTIFICATE OF SERVICE

I hereby certify that one copy of the enclosed Petitioner's Petition for Writ of Habeas Corpus were served upon the following parties/persons/agencies by US Certified mail:


John ASHCROFT
U.S. Attorney General
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington DC 20530-0001


Michael GARCIA
Assistant Secretary for the
U.S. Immigration and Customs Enforcement
c/o Office of the General Counsel
U.S. Department of Homeland Security
Washington DC 20258


Bruce CHADBOURNE, Boston Field Director
Bureau of Immigration and Customs Enforcement
c/o Office of the General Counsel
U.S. Department of Homeland Security
Washington DC 20258

Sheriff Joseph F. McDONOUGH
Plymouth County Sheriff's Department Headquarters
24 Long Pond Road
Plymouth MA 02360

United States Department of Justice
Executive Office for Immigration Review
Office of the Chief Clerk
Board of Immigration Appeals
5201 Leesburg Pike, Suite 1300
Falls Church VA 22041


United States Attorney's Office
John Joseph Moakley U.S. Courthouse
1 Courthouse Way
Boston MA 02210


Signed,

_____
Saher J. Macarius, Esq.
Attorney for Petitioner
21 Walsh Street
Framingham MA 01701
508-879-4443


Date: 1/20/04